**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, D.C. 20024,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION,<br>8601 Adelphi Road<br>College Park, MD 20740,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 07-1987 (PLF) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, the United States National Archives and Records Administration, answers the numbered paragraphs of Plaintiff's Complaint for Declaratory and Injunctive Relief as follows:

**JURISDICTION AND VENUE**

1. This paragraph contains a conclusion of law to which no response is required.

2. This paragraph contains a conclusion of law to which no response is required.

**PARTIES**

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

4. Defendant admits the first two sentences of this paragraph. The last sentence of this paragraph contains a conclusion of law to which no response is required. To the extent a response is required to the last sentence of this paragraph, Defendant denies any characterization that is inconsistent with the provisions of the Presidential Records Act of 1978, 44 U.S.C. § 2201, et seq., the Freedom of Information Act, 5 U.S.C. § 552, Executive Order 13233, and governing law and regulations.

## **STATEMENT OF FACTS**

5. Defendant admits the allegations in this paragraph.

6. Defendant admits the allegations in this paragraph.

7. Defendant admits the allegations in this paragraph.

8. Defendant denies the first sentence of this paragraph and avers that the Clinton Presidential Library ("the Library") informed Plaintiff that "approximately 13,400 pages of the White House Health Care Interdepartmental Working Group papers concerning the Task Force" had previously been opened and were "available for research." April 10, 2006 letter from Melissa Walker to Christopher J. Farrell, attached hereto as Exhibit A.[1]  Defendant further avers that on August 9, 2006, the Library informed Plaintiff that:

> Many of the FOIA requests that precede those filed by Judicial Watch require that we review a large volume of records and will take a significant amount of time to process.  Because the Clinton Library has only been processing records in response to FOIA requests for less than seven months, we do not yet have a sense of how long it will take us to process the 155 cases pending prior to the first FOIA request about which you inquire . . . . However, to respond to the 155 FOIA cases preceding yours will require that we process more than 2,000,000 pages of records before your first FOIA request reaches the front of the queue.

August 9, 2006 letter from Melissa Walker to Christopher J. Farrell, attached hereto as Exhibit B.  Defendant admits the last sentence of this paragraph.

## **COUNT 1**
### (Violation of FOIA)

9. Defendant repeats and realleges the responses contained in paragraphs 1 through 8 inclusive.

10. This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies any characterization that is inconsistent with the

---

[1] In fact, the 13,400 pages comes from a much larger collection of records from the White House Health Care Interdepartmental Working Group that are publicly available at the Clinton Library.  A finding aid that describes these records is available on the Clinton Library website, at http://www.clintonlibrary.gov/documents/Finding_Aid_HealthCare.pdf (detailing the contents of the over 600 boxes of available records).

provisions of the Presidential Records Act of 1978, 44 U.S.C. § 2201, et seq., the Freedom of Information Act, 5 U.S.C. § 552, Executive Order 13233, and governing law and regulations.

11. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

12. This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

The remaining paragraphs of Plaintiff's Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in the remaining paragraphs of Plaintiff's Complaint and further avers that Plaintiff is not entitled to any relief. Any allegation not specifically addressed is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that the request exceeds relief authorized by the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or one or more of the provisions of the Presidential Records Act of 1978, 44 U.S.C. § 2201, et seq.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant costs and such other relief as the Court may deem appropriate.

Respectfully submitted this 3rd day of December, 2007.

JEFFREY S. BUCHOLTZ

Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


 /s/ Varu Chilakamarri
VARU CHILAKAMARRI (NY Bar)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
Tel: (202) 616-8489
Fax: (202) 616-8470
varudhini.chilakamarri@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., NW, Rm. 7226
Washington, D.C. 20001

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007, a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

      /s/ Varu Chilakamarri
      VARU CHILAKAMARRI

## CERTIFICATION OF FAMILIARITY WITH LOCAL RULES

I, Varu Chilakamarri, pursuant to Local Civil Rule 83.2(j), hereby certify that I am familiar with the Local Rules of the United States District Court for the District of Columbia, and other materials set forth in Local Civil Rules 83.8(b) and 83.9(a).

      /s/ Varu Chilakamarri
      VARU CHILAKAMARRI