# EXHIBIT  1



## VIA FACSIMILE AND CERTIFIED U.S. MAIL

April 4, 2006

FOIA Coordinator
CLINTON PRESIDENTIAL LIBRARY
1200 President Clinton Avenue
Little Rock, AR 72201
(Fax. No.: 501-244-2881)
(Art. No.: 7005 0390 0004 0892 3042)

Re: **Freedom of Information Act Request**

Dear Mr. Sir/Madam:

Pursuant to the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests request access to the following Clinton Presidential records from the Clinton Presidential Library (hereafter "Clinton Library"):

> Any and all records of the Task Force on National Health Care Reform, chaired by First Lady Hillary Rodham Clinton (hereafter "Task Force"), to include but not limited to any and all sub-elements of the Task Force.

For purpose of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, telegrams, teletypes, facsimiles, papers, forms, records, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail, meaning any electronically transmitted text or graphic communication created upon and transmitted or received by any computer or other electronic device, and all materials stored on compact disk, computer disk, diskette, hard drive, server, or tape; (3) any audio, aural, visual, or video records, recordings, or representations of any kind, including without limitation all cassette tapes,

Judicial Watch, Inc. FOIA Request
April 4, 2006
Page 2

compact disks, digital video disks, microfiche, microfilm, motion pictures, pictures, photographs, or videotapes; (4) any graphic materials and data compilations from which information can be obtained; (5) any materials using other means of preserving thought or expression; and (6) any tangible things from which data or information can be obtained, processed, recorded, or transcribed. The term "record" also shall mean any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

**If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172.**

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

**Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).**

Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. Judicial Watch, Inc. regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

As a member of the news media, Judicial Watch uses the following means, among others, to publish and disseminate its distinctive work to the public:

(1)     Judicial Watch maintains an Internet site, www.JudicialWatch.org, where the public can review records obtained through FOIA and read editorial works prepared by Judicial Watch, Inc., including news releases, based on FOIA materials. This website is viewed by over 20,000 people per day on average, and on several occasions, has logged up to 1,000,000 visitors in a single day.

(2)     Judicial Watch also publishes a monthly newsletter in which it publishes its own editorial works and presents, analyzes, and explains information it obtains through FOIA. Judicial Watch, Inc.'s newsletter is sent to approximately 140,000 individuals each

---

Judicial Watch, Inc. FOIA Request
April 4, 2006
Page 3

month.  The organization also utilizes an e-mail Infonet service that sends out updates of
Judicial Watch's activities over the Internet to almost 14,00 persons.

(3)      Judicial Watch also periodically publishes and disseminates its own distinct
works in the form of books and reports.  For example, in September 1998  Judicial
Watch, Inc. published the *Interim Report on Crimes and Other Offenses Committed by
President Bill Clinton Warranting His Impeachment and Removal from Elected Office*.
This 145-page report was accompanied by nearly 4,000 pages of supporting
documentation and was crafted, in part, from the raw materials obtained by Judicial
Watch through FOIA requests, among other regular means.  In August 1999, Judicial
Watch published *Filegate Status Report*, which is 136 pages long and is supported by
nearly 1000 pages of documentation.  In March 2001, Judicial Watch, Inc. published *The
Judicial Watch Florida Recount*, an independent, non-partisan analysis of the results of
Florida's hotly contested 2000 Presidential election based upon an sampling of ballots
reviewed by Judicial Watch pursuant to Florida's version of FOIA.  In February 2002,
Judicial Watch published *The Judicial Watch 2002 "State of the Union" Report, Bush
Administration Ethics Enforcement: "A Failure of Leadership."*  In September 2002,
Judicial Watch, Inc.  published *Fatal Neglect: The U.S. Government's Continuing
Failure to Protect American Citizens from Terrorists*. Most recently on November 21,
2003, Judicial Watch produced *Analysis of GAO Testimony: US Postal Service – Clear
Communication With Employees Needed Before Reopening of Brentwood Facility*.
(GAO-04-2057T/October 23, 2003). Comptroller General of the United States David M.
Walker, in a reply to Judicial Watch's *Analysis of GAO Testimony*, wrote on December
17, 2003, "We view Judicial Watch as an important accountability organization in
Washington, D.C." On February 16, 2005 Judicial Watch was rated by the highly
respected capitol newspaper *The Hill* as being one of the nation's top ten "watchdogs."
Most recently, on June 29, 2005, Judicial Watch produced a special report "US Border
Patrol Survey Analysis," a report of an analysis of documents produced under FOIA.

        Judicial Watch also publishes and disseminates its distinctive work by participating in
public conferences and seminars, including its own "Ethics in Government" conferences held in
Pasadena, California (1999), Washington, DC (2000), and Miami, FL (2001).  Judicial Watch
hold quarterly education panels at the National Press Club in Washington DC that have been
televised by C-SPAN. Past panel discussions have been: "A Discussion of Ethics in
Washington," "The Case for Open Government," "Conservative Perspectives on the Alito
Nomination," and "The Role of Grassroots Groups in the Supreme Court Nominating Process."
Judicial Watch also works with other media organizations to publish and disseminate distinctive
work to the public, and representatives of Judicial Watch appear frequently on nationally
broadcast television and radio programs.  Judicial Watch has been granted press credentials at a
number of national conventions and other events.

Judicial Watch, Inc. FOIA Request
April 4, 2006
Page 4

    Consequently, Judicial Watch qualifies for a waiver of search fees as a member of the news media. *See National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). In fact, Judicial Watch has been recognized as a member of the news media in other FOIA litigation. *See Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000).

    Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii).

    Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch ongoing efforts document the operations and activities of the federal government and to educate the public about these operations and activities. Judicial Watch is studying the Task Force on Health Care Reform chaired by former First Lady Hillary Rodham Clinton as a project of its Transparency Program.

    Courts applying the "public interest" fee waiver provision of FOIA typically take into account four factors in determining whether to grant a waiver: (1) whether the subject of the requested records concerns the operations or activities of government; (2) whether disclosure of the requested records is likely to contribute to an understanding of government operations or activities; (3) whether disclosure of the requested records will contribute to a "reasonably broad" audience and whether the requestor has the "ability and intention" to disseminate the information to the public; and (4) whether disclosure of the requested record will contribute "significantly" to the public understanding. *See D.C. Technical Assistance Org. v. HUD*, 85 F. Supp.2d 46, 48-49 (D.D.C. 2000); 28 C.F.R. § 16.11(k)(2)(i)-(iv). Request for "public interest" waivers are to be judged on a case-by-case basis." *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

    Without question, the subject-matter of the request concerns the operations and activities of government, namely the creation of and conduct of the Task Force on Health Care Reform and the formulation of health care policy during the Clinton administration.

    Disclosure of the requested records is likely to contribute to an understanding of government operations and activities and will appeal to a "reasonably broad" audience, as a

Judicial Watch, Inc. FOIA Request
April 4, 2006
Page 5

reasonably broad audience is obviously interested in the continuing national debate over health care reform in the wake of recent changes in Medicare.

Indeed, the taxpaying American public deserves full disclosure of the facts and circumstances surrounding the creation and operation of the Task Force. During the Clinton administration (1993-2001) controversy erupted over the existence of and operations of the Task Force on Health Care Reform, chaired by First Lady Hillary Rodham Clinton, and the White House Health Care Interdepartmental Working Group, organized by White House Senior Domestic Policy Advisor Ira Magaziner (hereafter "Working Group").[1] In resulting litigation[2] the records of the White House Health Care Interdepartmental Working Group were released.[3] However the records of the cabinet-level Task Force have not been released in full to this date.

Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts, including radio and television programs, website, newsletter, periodic published reports, public appearances, and other educational undertakings.

Finally, disclosure of the requested records will contribute significantly to the public's understanding because relatively little is known about the records of the cabinet-level Task Force. The Clinton Presidential Library website describes the relationship between The Working Group and the Task Force:

> The concept of membership in working groups was loosely defined and extremely fluid; individuals moved from one group to another or new participants were added when their knowledge on an issue was needed. Overall responsibility for the organic design of the Interdepartmental Working Group rested with Ira Magaziner, White House Senior Domestic Policy Advisor. Later, Magaziner took a role as an advisor to the working

---

[1] Peter Flaherty, Timothy Flaherty. *The First Lady: A Comprehensive View of Hillary Rodham Clinton*. Vital Issues Press. September 1996. pp. 185-206

[2] *Association of American Physicians and Surgeons, Inc et al., v. Hillary Rodham Clinton, et al.*, Civil Action No. 93-0399 (RCL).

[3] "History White House Health Care Interdepartmental Working Group"
[ http://www.clintonlibrary.gov/documents/Finding_Aid_HealthCare.pdf ]

Judicial Watch, Inc. FOIA Request
April 4, 2006
Page 6

> groups, a 'sounding board' for new ideas from various
> participants, and a representative who forwarded the
> working groups final proposals to the Task Force.[4]

The records requested by Judicial Watch undoubtedly will shed additional light on this important matter.

Given these compelling circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days.

Sincerely,

JUDICIAL WATCH, INC.

Christopher J. Farrell

CJF/mac

---

[4]    *Ibid*

# EXHIBIT 2

N
NOV 1 3 2002



OFFICE OF
WILLIAM JEFFERSON CLINTON

November 6, 2002


The Honorable John W. Carlin
Archivist of the United States
National Archives
    at College Park
7601 Adelphi Road
College Park, Maryland  20740

Dear Mr. Carlin:

On August 19, 1994, I wrote to the then Acting Archivist of the
United States, Dr. Trudy Huskamp Peterson, in accordance with the
Presidential Records Act (PRA), 44 U.S.C. 2201-2207, specifying
that access should be restricted to all six categories of records
set forth in section 2204(a) of the PRA for twelve years after
the termination of my service as President of the United States.

In order to provide guidance to the NARA staff in the processing
of the records of my Administration, I would like to ease for
review and processing purposes the application of two of the
restrictions -- section 2204(a)(2), "relating to appointments or
submitting advice between the President and his advisers, or
between such advisers" -- subject to the limitations described
below.

With respect to easing section 2204(a)(2), information should
generally be considered for withholding only if it:

        1.  contains clearly confidential personal information,
        including social security numbers, private salary, medical
        history, negative, derogatory, or other information that
        would otherwise require it to be restricted under section
        2204(a)(6) of the PTA; or

        2.  would still be subject to restriction under section
        2204(a)(5), in accordance with the easing instructions
        described below.

With respect to easing section 2204(a)(5), information should
generally be considered for withholding only if it contains:

        1.  negative or derogatory information about individuals
        involved in the appointment process, including their non-
        selection.

        2.  confidential communications regarding a sensitive
        policy, personal, or political matter that is contained
        within a Presidential record, as defined in section 2201 of
        the PRA;

Carlin, Page Two.

3.  confidential communications on a foreign policy topic;

4.  confidential communications involving legal issues and advice, including, but not limited to, matters in litigation and matters subject to investigation by Congress, the Department of Justice, or an Independent Counsel;

5.  communications directly from the President, unless routine in nature;

6.  communications directly between the President and the Vice President, unless routine in nature;

7.  communications directly between the President and the First Lady, and their families, unless routine in nature;

8.  communications directly to or from a former President, Vice President, or their families, unless routine in nature.

My intent it to make available to the public as full a record as possible documenting the decision-making, policy-making, and appointment process of my Presidency by applying both the appointment and confidential advice restrictions as narrowly as possible.  I anticipate, at the appropriate time and after further discussions with the NARA staff, waiving these two restriction categories except as noted above.  I encourage NARA staff to consult with my designated representative on any questions or concerns that they may have, including with respect to individual records and particular record categories.

I am hopeful that this letter clarifies my intent and provides the guidance NARA staff will need to process the records of my Administration.

Sincerely,

# EXHIBIT 3



# *Clinton Presidential Library*

*1200 President Clinton Avenue*
*Little Rock, AR 72201*

April 10, 2006

Christopher J. Farrell
Judicial Watch, Inc.
501 School Street, SW Suite 500          **FOIA Case: 2006-0885-F**
Washington, D.C. 20024

Dear Mr. Farrell:

This letter is in response to your request dated April 4, 2006 for Clinton Presidential records under the Freedom of Information Act (FOIA) (5 U.S.C. § 552) and Presidential Records Act (PRA) (44 U.S.C. §§ 2201-2207). Your request was received by the Clinton Library on April 4, 2006.

We have performed an initial search of our "textual, electronic, and audiovisual" Presidential records for documents involving records of the Task Force on National Health Care Reform, chaired by First Lady Hillary Rodham Clinton to include but not limited to any and all sub-elements of the Task Force. Approximately 3,022,030 pages of textual records, 2,884 pages of electronic records, 1,021 photographs, 3 videotapes and 3 audiotapes must be processed in order to respond to your request. Please note that the audiotapes are recordings of remarks at official White House events. Please keep in mind that the page total is an estimate and that all pages processed might not be relevant to your specific topic. There are approximately 13,400 pages of the White House Health Care Interdepartmental Working Group papers concerning the Task Force open and available for research.

The staff of the Clinton Library is currently processing and reviewing FOIA requests that precede your request. To treat everyone equitably, we have placed your request in our complex unclassified processing queue by the date it was received in our office. FOIA requests received by the Clinton Library are processed and reviewed for access under provisions of the PRA and FOIA and are subject to Executive Order 13233, which requires that we notify the representatives of the former President and the incumbent President prior to the release of any Presidential records. Also, it should be noted that many of the documents processed in response to your request may be closed in whole or part in compliance with PRA restrictions and FOIA exemptions.

When processing is completed and the notification period has passed, we will inform you of the availability of the requested records. The Clinton Library does not charge search fees. However, reproduction fees apply if you request material copied. You can request that we copy these records at the current reproduction fee of $.50 per page, or you can choose to view these documents in the research room of the Clinton Library where a self-service copier is available for the current price of $.15 a page. You may also bring certain scanners into our research room at no charge. I have included a copy of our scanning policy.

If you have any questions regarding your FOIA request, please contact our staff at (501) 244-2877. Your case log number is **2006-0885-F**. Please have this number accessible for reference during any future contact concerning this FOIA request.

Sincerely,

Melissa Walker
Supervisory Archivist
William J. Clinton Presidential Library

MW: dms

# EXHIBIT 4



# Judicial Watch

*Because no one is above the law!*

July 25, 2006

**BY FAX (501-244-2881)**
Ms. Melissa Walker
Supervisory Archivist
William J. Clinton Presidential Library
1200 President Clinton Boulevard
Little Rock, AR 72201

### Re: Status Updates for Freedom of Information Act Requests

Dear Ms. Walker:

First, on behalf of Judicial Watch and my research colleagues, please accept our sincere thanks and appreciation to you and your staff for the courtesy and professionalism extended to us during our research visits to the Clinton Library.

As you know, Judicial Watch has several Freedom of Information Act (FOIA) requests pending with your office. This letter serves as our formal request for a FOIA case status update for each of our requests. The following requests are pending:

| FOIA Case No. | Date Received | Subject |
|---|---|---|
| 2006-0885-F | April 4, 2006 | Task Force on National Health Care Reform |
| 2006-0886-F | April 5, 2006 | First Lady's Calendar |
| 2006-0946-F | April 7, 2006 | White House Travel Office |
| 2006-1066-F | April 19, 2006 | White House Security Office & Vetting |
| 2006-1067-F | April 19, 2006 | Judicial Nominees |
| 2006-1080-F | April 21, 2006 | Death of Vincent W. Foster, Jr., Esq. |

We understand the processing and review procedures you follow under the provisions of FOIA, the Presidential Records Act (PRA) and Executive Order 13233; and we appreciate the enormous volume of textual and electronic records, as well as other archival materials, in your custody. Your FOIA receipt acknowledgement letters are clear and straightforward.

Kindly provide us with an estimated date of completion or some other quantifiable benchmark to objectively judge when we can reasonably expect to receive records responsive to our requests. Undoubtedly, your office maintains some means of

---

501 School Street, SW    Suite 725    Washington, DC 20024    Tel: (202) 646-5172    Fax: (202) 646-5199

**Ms. Melissa Walker**
**William J. Clinton Presidential Library**
**Re: Status Updates for FOIA Requests**
**July 25, 2006**
**Page 2**

tracking work progress, and a business process that allows managers such as yourself to assess the productivity and performance of your archivist team. Arriving at a "good faith estimate" for completion of each request is consistent with both the FOIA law and the guidance in Executive Order 13392. The National Archives and Records Administration (NARA) is an extremely sophisticated FOIA processor with unparalleled experience in reviewing and clearing records for release to the American public.

       I look forward to receiving your status update for each of our pending FOIA requests. Thanks for your cooperation.

Sincerely,

JUDICIAL WATCH, INC.

Christopher J. Farrell
Director of Investigations & Research

# EXHIBIT 5



# *Clinton Presidential Library*

*1200 President Clinton Avenue*
*Little Rock, AR 72201*

August 9, 2006

Christopher J. Farrell
Judicial Watch, Inc.
501 School Street, SW Suite 500
Washington, D.C. 20024

**FOIA Cases: 2006-0885-F; 2006-0886-F; 2006-0946-F; 2006-1066-F;
2006-1067-F; 2006-1080-F**

Dear Mr. Farrell:

This letter is in response to your correspondence dated July 25, 2006 requesting additional information regarding the Freedom of Information Act (FOIA) requests filed by Judicial Watch. Your letter was received by the Clinton Library on July 25, 2006. I hope the following response addresses any concerns you have regarding these FOIA cases.

As we explained in our initial search letters, the Clinton Library has placed each FOIA request in our processing queues. None of the six (6) FOIA requests made by Judicial Watch have reached the front of the queue; therefore, processing has not yet begun. There are currently 155 FOIA requests pending before FOIA case 2006-0885-F; 156 pending before 2006-0886-F; 157 pending before 2006-0946-F; 190 pending before 2006-1066-F; 191 pending before 2006-1067-F; and 192 pending before 2006-1080-F.

Many of the FOIA requests that precede those filed by Judicial Watch require that we review a large volume of records and will take a significant amount of time to process. Because the Clinton Library has only been processing records in response to FOIA requests for less than seven months, we do not yet have a sense of how long it will take us to process the 155 cases pending prior to the first FOIA request about which you inquire nor how long it will take us to process each of the FOIA requests listed in your letter once they reach the front of our queue. However, to respond to the 155 FOIA cases preceding yours will require that we process more than 2,000,000 pages of records before your first FOIA request reaches the front of the queue.

Please be aware that we fully understand the desire of Judicial Watch to gain access to records responsive to these requests at the earliest possible convenience. The primary mission of the National Archives and Records Administration, which operates the Clinton Library, is to ensure that the American public has access to the records in our legal custody. We welcome requests from all those interested in gaining access to our holdings and work to make those records available as soon as possible.

I hope this information addresses any concerns you have regarding the abovementioned FOIA cases. If you have any additional questions regarding your FOIA request, please contact our staff at (501) 244-2877. If you cannot resolve your concerns with the staff at the Clinton Library you may refer your inquiries to our FOIA Public Liaison, John Laster at (202) 357-5144.

Sincerely,

*Melissa Walker*

Melissa Walker
Supervisory Archivist
William J. Clinton Presidential Library

MW: dms

# EXHIBIT 6



# Judicial Watch

### *Because no one is above the law!*

January 16, 2007

**BY FAX (501-244-2881)**
Ms. Melissa Walker
Supervisory Archivist
William J. Clinton Presidential Library
1200 President Clinton Boulevard
Little Rock, AR 72201

### Re: Status Updates for Freedom of Information Act Requests

Dear Ms. Walker:

As you know, Judicial Watch has several Freedom of Information (FOIA) requests pending with your office. This letter serves as our formal request for a FOIA case status update for each of our requests. The following requests are pending:

| FOIA Case No. | Date Received | Subject |
|---|---|---|
| 2006-0885-F | April 4, 2006 | Task Force on National Health Care Reform |
| 2006-0886-F | April 5, 2006 | First Lady's Calendar |
| 2006-0946-F | April 7, 2006 | White House Travel Office |
| 2006-1066-F | April 19, 2006 | White House Security Office & Vetting |
| 2006-1067-F | April 19, 2006 | Judicial Nominees |
| 2006-1080-F | April 21, 2006 | Death of Vincent W. Foster, Jr., Esq. |

We understand you process and review records under the provisions of the FOIA, the Presidential Records Act and Executive Orders 13233 and 13392.

Kindly provide us with an estimated date of completion or some other quantifiable benchmark to objectively judge when we can reasonably expect to receive records responsive to our requests. Arriving at a "good faith estimate" for completion of each request is consistent with both the FOIA law and the guidance in Executive Order 13392. Thanks for your cooperation.

Sincerely,

Christopher J. Farrell
Director of Investigations & Research

---

# EXHIBIT 7



# *Clinton Presidential Library*

*1200 President Clinton Avenue*
*Little Rock, AR 72201*

February 9, 2007

Christopher J. Farrell
Judicial Watch, Inc.
501 School Street, SW Suite 500
Washington, D.C. 20024

**FOIA Cases: 2006-0885-F; 2006-0886-F; 2006-0946-F; 2006-1066-F; 2006-1067-F; 2006-1080-F**

Dear Mr. Farrell:

This letter is in response to your correspondence dated January 16, 2007 requesting the status of the Freedom of Information Act (FOIA) requests filed by Judicial Watch. Your letter was received by the Clinton Library on January 16, 2007. I hope the following response addresses any concerns you have regarding these FOIA cases.

Since our previous correspondence in August 2006, each of the six (6) FOIA requests noted above has moved up within their respective processing queues. However, none of these requests has reached the front of their queue. Unfortunately, while we can not provide an estimated date that processing of your FOIA requests will begin, as we explained in our previous correspondence, the archival staff must process approximately 2,000,000 pages of records before processing can begin on any of the abovementioned FOIA cases.

As you may be aware, processing Presidential records is time-consuming. Archivists must complete a page-by-page review of all records to determine if this material can be released or if it requires withholding under one of the six Presidential Records Act (PRA) Presidential restrictive categories and/or the eight applicable FOIA exemptions that apply to Clinton Presidential records.

We fully understand the desire of each FOIA requestor to gain access to records at the earliest possible convenience. The primary mission of the National Archives and Records Administration, which operates the Clinton Library, is to ensure that the American public has access to the records in our legal custody. We are working diligently to make these records available as soon as possible.

I hope this information addresses any concerns you have regarding the abovementioned FOIA cases. If you have any additional questions regarding your FOIA request, please contact our staff at (501) 244-2877. If you cannot resolve your concerns with the staff at the Clinton Library you may refer your inquiries to our FOIA Public Liaison, John Laster at (202) 357-5144.

Sincerely,

Melissa Walker
Supervisory Archivist
William J. Clinton Presidential Library

MW: dms