**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                                )
JUDICIAL WATCH, INC.,                                           )
                                                                )
                                        Plaintiff,              )
                                                                )          Civil Action No. 07-1987 (PLF)
                              v.                                )
                                                                )
NATIONAL ARCHIVES AND                                           )
RECORDS ADMINISTRATION,                                         )
                                                                )
                                        Defendant.              )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LIMITED DISCOVERY**

Despite the detailed declaration submitted by the Deputy Director of the Clinton

Presidential Library, which described the Library's FOIA queue system in a comprehensive

fashion, Plaintiff has now requested "limited" discovery.  As explained below, Plaintiff's request

should be denied.

Discovery is rarely appropriate in FOIA cases.  See Judicial Watch, Inc. v. Export-Import

Bank, 108 F.Supp.2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally

inappropriate.") (internal quotation marks omitted); Public Citizen, Inc. v. Department of State,

100 F.Supp.2d 10, 28 (D.D.C. 2000) ("Discovery is to be sparingly granted in FOIA actions.")

(quotation marks and citation omitted);  Public Citizen Health Research Group v. Food and Drug

Admin., 997 F. Supp. 56, 72 (D.D.C. 1998), _aff'd in part and rev'd on other grounds_, 185 F.3d

898 (D.C. Cir. 1999) (same).  While Plaintiff claims that limited discovery is permitted in a

FOIA case when "jurisdiction is at issue," Pls. Opp. Br. at 17, the discovery which it seeks is not

at all relevant to the jurisdictional issue in the case.  Plaintiff seeks discovery on the Library's

FOIA queue system, including information about the placement of its request at various points in

the last two years, as well as information about the placement and dates of other FOIA requests,

including requests involving "Unidentified Flying Objects."  Id. at 18.  Such information has no

bearing on Defendant's motion to dismiss for lack of jurisdiction, which is based on the breadth

of Plaintiff's FOIA request.  Indeed, even the cases which Plaintiff cites do not support the type
of discovery which Plaintiff seeks here.  In CREW v. Office of Admin., No. 07-964 (D.D.C. Feb.
11, 2008), the court granted "*very limited* discovery as to [the Office of Administration]'s agency
status," because, the court concluded, that the agency's status went to "the Court's jurisdiction to
hear a FOIA case . . . ."  Id. at 3-4 (emphasis in original).  The other case cited by Plaintiff,
Public Citizen v. FDA, 997 F. Supp. 56 (D.D.C. 1998), actually denied discovery, contrary to
Plaintiff's description.  Id. at 73 ("Discovery is not appropriate in this matter.  The court is
satisfied that the affidavits and declarations of the agency and the HMR are adequately detailed
and submitted in good faith, and that no factual dispute remains.").

      Moreover, it is clear that any factual issues arising in the context of an agency's motion
for a stay of the proceedings under Open America are best settled through the use of declarations
rather than discovery.  See Summers v. U.S. Dep't of Justice, 733 F. Supp. 443-44 (D.D.C.
1990) (granting agency's motion for a stay under Open America and denying plaintiff's request
"to depose [ ] various individuals within the FBI in order to challenge the Open America
request"); Cecola v. FBI, 1995 WL 143548, at *5 (N.D. Ill. 1995) ("This court's review of cases
under § 552(a)(6)(c) indicates that, as in the case of other issues under FOIA, questions of an
agency's diligence are generally resolved on the basis of affidavits, without the taking of formal
discovery. . . . This being so, the more appropriate course of action would seem to be to direct
the submission of affidavits if an agency has not sufficiently explained its delay in handling
information requests.").

      Here, Defendant submitted the declaration of Emily Robison, Deputy Director of the
Clinton Presidential Library.  This declaration explained in great detail the Library's multi-track
queue system, stating that the "Library has established 17 separate access queues, 16 for FOIA
requests and one for mandatory review requests of classified documents . . ."  Robison Decl.
¶ 17.  The declaration further described each of the 16 FOIA queues, noting that there is one
"multi-request" queue for records subject to multiple requests, and five queues for different types
of media requested (textual, electronic, etc.).  Id.  The five media-based queues are each

subdivided into large, medium, and small requests, making for a total of 15 media-based queues. Id. ("categories (1) through (5) identified above are then further divided by the volume of records initially estimated to be responsive: (1) large . . . (2) medium . . . or (3) small").  Thus, taking the one multi-request queue plus the 15 media-based queues, the Library has a total of 16 FOIA request queues.  Ms. Robison's declaration also described how the multi-request queue functions, as well as the process by which requests are placed into each of the media-based queues.  Id.   ¶¶ 17, 25.  Contrary to Plaintiff's assertion that "a request is placed in a particular queue based on the type of records requested, not based on when it was received," Ms. Robison's testimony makes clear that "[w]ithin each of these fifteen queues, the FOIA cases are organized by *date received*."  Robison Decl. ¶ 17 (emphasis added).  The declaration submitted by Defendant was exceedingly informative, and it is entitled to a presumption of good faith. Elec. Frontier Found. v. U.S. Dep't of Justice, 517 F. Supp.2d 111, 117 (D.D.C. 2007).  Plaintiff has not alleged that NARA has acted in bad faith regarding this FOIA request, thus discovery is not appropriate.  See Judicial Watch, Inc., 108 F.Supp.2d at 25.

Finally, the Library's FOIA queue system is but one of many factors that Defendant has set forth to establish that it has exercised due diligence in support of its motion for a stay of the proceedings.  Defendant maintains that the Court already has a sufficient basis on which to grant Defendant's motion for a stay of the proceedings, should it choose not to dismiss Plaintiff's FOIA claims at this juncture.  Thus, discovery is inappropriate and unnecessary in this case. However, if, after reviewing the declaration provided by Defendant, this Court finds that additional information is required, "the more appropriate course of action would seem to be to direct the submission of [a supplemental] affidavit[ ]," rather than discovery.  Cecola, 1995 WL 143548, at *5.

## CONCLUSION

For all of the reasons noted above, Defendant respectfully requests that Plaintiff's Motion for Limited Discovery be denied.

Respectfully submitted this 10th day of March, 2008.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

OF COUNSEL                               /s/ Varu Chilakamarri
JASON R. BARON                           VARU CHILAKAMARRI
(DC Bar No. 366663)                      Trial Attorney, Federal Programs Branch
Director of Litigation                   U.S. Department of Justice, Civil Division
Office of the General Counsel            Tel: (202) 616-8489
National Archives and                    Fax: (202) 616-8470
Records Administration                   varudhini.chilakamarri@usdoj.gov
8601 Adelphi Road, Suite 3110
College Park, MD 20740                   Mailing Address:
Telephone: (301) 837-1499                Post Office Box 883
Fax: (301) 837-0293                      Washington, D.C. 20044
jason.baron@nara.gov
                                         Courier Address:
                                         20 Massachusetts Ave., NW, Rm. 7226
                                         Washington, D.C. 20530


                                         *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2008, a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Limited Discovery was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the documents are available on the ECF system.

                                     /s/ Varu Chilakamarri
                                    VARU CHILAKAMARRI