IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-1987 (PLF) |
| | ) | |
| U.S. NATIONAL ARCHIVES AND | ) | |
| RECORDS ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR LIMITED DISCOVERY**

Plaintiff, by counsel, hereby submits this reply in support of its motion for limited discovery. Plaintiff seeks limited discovery to assist it and the Court in fully understanding the byzantine "queue system" established by Defendant and the effect this system has had on the processing of Plaintiff's request. Plaintiff respectfully submits that if the Court is not inclined to deny Defendant's motion for a stay outright, these questions must be answered before Defendant's motion can be adjudicated.

While this case has been pending, a similar FOIA case seeking records from the Clinton Library has been before Judge James Robertson. *See Judicial Watch, Inc. v. U.S. Nat'l Archives & Records Admin.*, Civ. Action No. 07-1267 (D.D.C.). That case involves a request by Plaintiff for the daily schedules and telephone logs of Mrs. Clinton. As in this case, Plaintiff's request was placed in the 17-part queue system and Defendant sought a motion to stay the case.[1]

---

[1] As has been widely reported in the press, a portion of the documents, the daily schedules, have been released in part by the Clinton Library. *See* Peter Baker and Karen DeYoung, "In Hillary Clinton's Datebook, A Shift: Events Less Lofty After Health-Care

Plaintiff submitted a comparable motion for limited discovery for the purpose of obtaining additional information regarding the queue system and how its request in that case was being processed.

On March 20, 2008, Judge Robertson granted from the bench Plaintiff's motion for limited discovery and authorized a Fed.R.Civ.P. 30(b)(6) deposition. Judge Robertson then granted Plaintiff 30 days to supplement its pleadings to incorporate information obtained through discovery. Through this discovery authorized by Judge Robertson, some of the questions concerning the queue system raised in this case may be answered. Other questions relating to the specific disposition of Plaintiff's request in this case will likely not be answered absent a similar order authorizing limited discovery in this case.

**I.     Limited Discovery Is Both Proper and Necessary.**

While it is not the norm in a FOIA case, limited discovery regarding certain factual matters is within the discretion of a district court and is entirely proper. *See, e.g,, Heily v. U.S. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam) (explaining that discovery may be permitted regarding the "scope of agency's search and its indexing and classification procedures"); *Tax Analysts v. IRS*, 214 F.3d 179, 185 (D.C. Cir. 2000) (remanding for discovery on "narrow and fact-specific question" concerning disclosability of specific type of document); *see also* U.S. Dep't Justice Office of Information and Privacy, FREEDOM OF INFORMATION ACT GUIDE & PRIVACY ACT OVERVIEW at 1030-31 (2007) (explaining that discovery has been authorized regarding the "scope of an agency's search, its indexing and classification procedures,

---

Debacle," THE WASHINGTON POST at A1 (March 20, 2008). Other responsive documents, primarily the telephone logs, have not yet been processed, and Defendant has sought essentially an indefinite stay.

and similar factual matters."). Despite Defendant's suggestion otherwise, limited discovery is an available and appropriate option.

In this case, serious unanswered questions exist regarding the processing procedures at the Clinton Library. Defendant claims that the declaration submitted by Defendant was "exceedingly informative" (Defendant's Opposition to Plaintiff's Motion for Limited Discovery ("Def.'s Opp.") at 3), yet nowhere in the declaration, or Defendant's opposition to this motion, are the answers to the questions raised by Plaintiff to be found. For example, Plaintiff and the Court do not know how many less timely FOIA requests have been or will be processed ahead of Plaintiff's request. Plaintiff and the Court do not know the specifics of the structure of the 17 queues, the even more numerous "sub-queues," or the system's effect on the processing of Plaintiff's request.

The objective of limited discovery in this case, as in the case before Judge Robertson, would be to understand exactly where Plaintiff's request falls within the queue structure, how this decision was made, and the effect this has had on the timeliness of the processing of Plaintiff's request. Despite having the opportunity to address these issues in multiple declarations and pleadings in this case and the case before Judge Robertson, significant questions remain. In light of the extraordinary public interest in this matter, Plaintiff submits that its proposed limited discovery is the best avenue to answer these questions.

## Conclusion

For the reasons set forth above and in its motion, Plaintiff respectfully submits that it should be allowed to conduct limited discovery on the factual issues discussed in its motion prior to any stay being entered.

Date: March 20, 2008  Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
/s/ James F. Peterson
D.C. Bar No. 450171
501 School Street, S.W., Suite 500
Washington, DC 20024
Tel: (202) 646-5172
Fax: (202) 646-5199

Attorneys for Plaintiff