# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 07-1987 (PLF) |
| ) | |
| NATIONAL ARCHIVES AND ) | |
| RECORDS ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## SECOND SUPPLEMENTAL DECLARATION OF EMILY ROBISON

I, Emily Robison, declare as follows:

1. I am the Deputy Director of the William J. Clinton Presidential Library. My background, training, and experience is as an archivist, having been continuously employed at the Clinton Presidential Library in the capacity of Supervisory Archivist from February 2002 to August 2004, Deputy Director from September 2004 to May 2007, Acting Director from May 2007 to November 2007, and since then again as Deputy Director. In my current capacity, I assist the Director in supervising the staff of the Clinton Presidential Library.

2. I am familiar with the above-captioned case, having previously filed a Declaration in this case on January 28, 2008 and a Supplemental Declaration on May 9, 2008. The information provided in the first two declarations is incorporated herein.

3. I have reviewed this Court's Order [22] of September 18, 2008, requiring defendant to "file with the Court an affidavit or declaration stating whether either of the third-party requests has been produced to the third parties and/or to the plaintiffs and, if not, when each is expected to be produced. Defendant shall further describe its best estimate of the production schedule for the remainder of plaintiff's request, in the event that the Court denies defendant's Motion to

Dismiss." This Second Supplemental Declaration is based on my personal knowledge, as well as on facts supplied to me by NARA staff as known to them in the course of their duties, and is provided in response to the Court's Order.

## JUDICIAL WATCH'S FOIA REQUEST NUMBER 2006-0885-F

4.    The treatment of Judicial Watch's FOIA request in this matter was also described in detail in my first Declaration and Supplemental Declaration. See Robison Decl. ¶¶ 28-36; Supp. Decl. ¶¶ 3-9. The following information is provided to supplement and update the information provided earlier regarding the placement and positioning of Judicial Watch's request in the Clinton Library's queue system.

5.    As explained in my first two declarations, there are three FOIA requests within the multi-request queue that relate to the Health Care Task Force: two filed earlier in time than plaintiff's request (2006-0770-F and 2006-0810-F), and plaintiff's request itself (2006-0885-F). The Clinton Library has determined that fair and efficient processing of the three large requests requires that the Library proceed with these requests in approximately 50,000-page segments Robison Decl. ¶¶ 33-34; Supp. Decl. ¶ 5. The first segment processed is the series of Ira Magaziner's Staff Member Office Files from the Office of Policy Development; the second segment to be processed is for Hillary Clinton's Task Force records; and the third segment to be processed will be the first approximately 50,000-page segment of the working files, staff office files, and memoranda of the Task Force, which were requested by Judicial Watch.

6.    Accordingly, the Clinton Library started working on the first approximately 50,000 page group from the first segment of the request in late April 2008, because of its placement in the "multi-request" queue. On September 2, 2008, the Library completed its processing of this first

group of records (which was a distinct subseries of Ira Magaziner files from the Office of Policy Development Staff Member Office files totaling approximately 46,700 pages). The Library intends to continue processing each segment in approximately 50,000 page portions, and will return to process the next 50,000 pages as it arises in the queue structure. This process helps to ensure that other requesters do not wait extended periods of time while complex and voluminous requests are reviewed in their entirety. (See my First Declaration of Jan. 28, 2008, ¶ 17.)

7. On September 17, 2008, NARA notified the representative of the former President that the approximately 46,700 pages were eligible for disclosure, subject to certain withholdings, pursuant to the Presidential Records Act, 44 U.S.C. § 2206; 36 C.F.R. § 1270.46 and the Freedom of Information Act, 5 U.S.C. § 552(b). When the review process of the former President is complete, NARA will then notify the incumbent President, pursuant to the Presidential Records Act, 44 U.S.C. § 2206; 36 C.F.R. § 1270.46; and Executive order 13233. Although NARA does not know how long the presidential notification process will take, based on the volume and type of records at issue, the Library estimates that records eligible for release should be available within three months.

8. After the Library completed its processing of the 46,700 pages from Ira Magaziner's Office of Policy Development Staff Member Office files, the Library began processing the next-in-line request from its queue structure. There are an additional 29 requests that will have to be processed before the Library begins processing the next 50,000 page portion, which will be from the second segment of responsive records to Judicial Watch's request (i.e., the second request described in para. 5, above), and 66 requests in line before the Library begins processing the remainder of the Health Care Task Force records in the third segment.

9.   Since my last declaration of May 9, 2008, the Library has completed processing 22 requests (or segments of requests), totaling over 110,000 pages. Since Judicial Watch filed the instant FOIA request on April 4, 2006, the Library has completed processing 59 requests, totaling over 345,000 pages. (As noted in my prior declarations, this number does not include FOIA cases for audio-visual records and does not include cases that were closed because no records could be located or processed as a mandatory review request under Executive order 12958, as amended.)

10.   Judicial Watch has unquestionably and significantly benefited from the Library's current FOIA queue system. If the Library had just one single FOIA queue, organized by the date received (as Judicial Watch seems to want), the plaintiff's request currently would be 93rd in line, instead of currently 67th (which represents significant movement since my last declaration, including the processing of approximately 46,700 pages for the subseries of Ira Magaziner files). Indeed, if the Library had just one single queue, the first segment of Judicial Watch's request (for Ira Magaziner records) would at this time be 91st in line, instead of already processed and sent for presidential notification; and the second segment of Judicial Watch's request (for Hillary Clinton's Task Force records) would be in 90th place instead of 30th, where it is now. Accordingly, each segment of Judicial Watch's request has benefited from the Library's queue system, and Judicial Watch will receive any records subject to release under the PRA much earlier under our current FOIA queue system than it would under a single track FOIA queue system.

11.   As stated in my previous declarations, Judicial Watch's FOIA request, for nearly one million pages, is the largest request received by the Clinton Library. Given the pace that the

4

Clinton Library is currently able to process requests and the need to maintain a FOIA queue structure that is fair to all requesters, we anticipate that it will take at least several years to complete the entire request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of September, 2008.

*Emily Robison*
EMILY ROBISON
Deputy Director
Clinton Presidential Library