UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1987 (PLF) |
| ) | |
| U.S. NATIONAL ARCHIVES AND ) | |
| RECORDS ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges defendant's failure, to date, to produce responsive records. Before the Court is defendant's motion to dismiss or, in the alternative, for a stay of the proceedings. Upon consideration of the parties' submissions and the entire record in this case, the Court denies defendant's motion to dismiss and grants defendant's motion for a stay in part and denies it in part.[1]

I. FACTUAL BACKGROUND

On April 4, 2006, plaintiff submitted a FOIA request to the Clinton Presidential Library, a component of defendant National Archives. Plaintiff requested "[a]ny and all records

---

[1] The papers submitted in connection with this matter include: Defendant's Motion to Dismiss or, in the Alternative, for a Stay of the Proceedings ("Mot."); Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for a Stay of the Proceedings and in Support of Plaintiff's Motion for Limited Discovery ("Opp."); Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for a Stay of the Proceedings ("Rep."); and the Second Supplemental Declaration of Emily Robison, Deputy Director of the Clinton Presidential Library ("2nd Robison Decl.").

of the Task Force on National Health Care Reform, chaired by First Lady Hillary Rodham Clinton, to include but not limited to any and all sub-elements of the Task Force." Mot., Exhibit A, Robison Decl. ¶ 4. Defendant's "preliminary search" for records responsive to the request revealed over three million potential records. Id. ¶ 13.

From correspondence with the defendant, plaintiff learned that the Task Force records are organized into six broad categories. See Opp. at 5; Opp., Exhibit 5. Plaintiff then agreed to limit its request to one of the categories: "Working Files; Staff Office Files and Memoranda." See Opp. at 5; Opp., Exhibit 6. This category is still large, including approximately one million records. See Mot. at 6; Opp., Exhibit 5 at 2.

Two earlier pending FOIA requests made by third parties on the defendant encompass part of plaintiff's request. Upon completing processing of those requests, defendant indicates that it will notify both the requester and plaintiff that the records are available. See Robison Decl. ¶ 38.

Defendant's supplemental declaration regarding the status of the requests indicates that defendant completed processing the first of these third-party requests (approximately 50,000 pages) on September 2, 2008. See 2nd Robison Decl. ¶ 6. Defendant then notified representatives of the former President that the records were eligible for disclosure. See id. ¶ 7.[2] Upon completion of the review process by former President Clinton, defendant will

---

[2] Before any Presidential Records may be released, both the former and incumbent presidents must be notified of the records to be disclosed and be afforded a right to review the records for the opportunity to assert constitutionally-based privileges. See 42 U.S.C. § 2206; 36 C.F.R. § 1270.46.

notify the incumbent President.  See id.[3]  Defendant estimates that the presidential review process may take approximately three months, upon completion of which the records will be available to plaintiff.  See id.

At the time of defendant's supplemental declaration, the second third-party request was thirtieth in line in the defendant's complex queue system.  See 2nd Robison Decl. ¶ 8.  Sixty-six requests are in line before defendant begins processing the remainder of plaintiff's request.  See id.  These requests will, of course, also be reviewed by former and incumbent Presidents before release to plaintiff.

## II. DISCUSSION

### A.  Motion to Dismiss

Defendant moves to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff's FOIA request is inadequate.

A motion under Rule 12(b)(1) is appropriate when a court lacks subject matter jurisdiction to hear a claim.  FED. R. CIV. P. 12(b)(1).  Defendant argues that because the Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records, see Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980), when the request itself is inadequate (as defendant asserts it is here), the agency has not made any improper withholdings.  See Mot. at 14.  Therefore, the argument goes, the Court lacks

---

[3] Defendant's operating regulation requires that "[c]opies of all notices provided to former Presidents under this section shall be provided at the same time to the incumbent President."  36 C.F.R. § 1270.46(e).  Defendant appears not to be in compliance with its own regulation.  Defendant is ordered to show cause why it is not notifying the former and incumbent Presidents simultaneously.

subject matter jurisdiction.

As defendant's motion points out, however, courts have evaluated issues relating to subject matter jurisdiction in FOIA actions inconsistently. See Mot. at 14-15. The Court believes that Judge Gerard Lynch's thoughtful explanation of the application of Rule 12(b)(1) to FOIA actions is instructive:

> [A]s subsequent passages in Kissinger make clear the tripartite showing [(1) improper; (2) withholding; of (3) agency records] . . . is not a prerequisite to federal subject-matter jurisdiction, properly speaking, but to the authority of the federal courts "to devise remedies and enjoin agencies," that is, to fashion appropriate relief to redress a FOIA violation.
>
> But this is not a question of the Court's subject matter jurisdiction; it is a question of the merits of [plaintiff's] claim. Subject matter jurisdiction refers to authority to hear and determine a case. Here, [plaintiff] asserts a claim arising under FOIA, a federal statute. The Court clearly has jurisdiction to hear that claim. See 28 U.S.C. § 1331; 5 U.S.C. § 552(a)(4)(B). If [plaintiff] cannot establish an element of his claim, that would not defeat the Court's power to determine the claim; it would mean that the Court would be required to exercise its jurisdiction, hear the claim, and deny it on the merits. See Bell v. Hood, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action.").

Megibow v. Clerk of the United States Tax Court, Civil Action No. 04-3321, 2004 U.S. Dist. LEXIS 17698 at *5-6 (S.D.N.Y. Aug. 31, 2004) (quoting Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. at 150) (selected citations omitted). See also Sweetland v. Walters, 60 F.3d 852, 855 (D.C. Cir. 1995) (district court had subject matter jurisdiction over substantive claims, such as a FOIA action, arising under the laws of the United States; Rule 12(b)(6) dismissal was appropriate where the request was improper); cf. Arbaugh v. Y & H Corp., 546 U.S. 500, 511 (2006) ("Subject matter jurisdiction in federal-question cases is

sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination.") (citations omitted).

For these reasons it is appropriate for the Court to consider the motion to dismiss under Rule 12(b)(6) for failure to state a claim. Although defendant has submitted a declaration in support of its motion, as well as a supplemental declaration, filed on September 24, 2008, these declarations primarily relate to the motion for a stay. The question of whether the FOIA request is adequate does not turn on the facts alleged in the declarations other than insofar as they refer to the size of the request itself. Since the Court is not relying on the declarations on the issue, the Court does not find it necessary to convert the motion to dismiss into a motion for summary judgment. See FED. R. CIV. P. 12(d).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 1966.

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965.  The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Commc'n Corp., 16 F.3d at 1276.

Defendant argues that the request is inadequate because it is overbroad. See Mot. at 20-23. The sheer size of the request, according to defendant, inflicts an undue or unreasonable burden on the Library. See Mot. at 15-16. The FOIA does require that a request "reasonably describe" the records sought. 5 U.S.C § 552(a)(3)(A). Yet otherwise valid FOIA requests are not overbroad or unreasonable simply because they seek *a very large number* of documents. The cases cited by defendant do not support such a proposition. In Meeropol v. Meese, 790 F.2d 942, 945-46 (D.C. Cir. 1986), for example, even though the request was "enormous" and "perhaps the most extensive FOIA request ever made," nowhere did the court question the legitimacy of the request itself because of its size.

The case law, including that cited by defendant, shows that the key question is whether the level of difficulty imposed on the agency in *identifying* the responsive documents is unreasonable. "A description of the requested documents is adequate if it enables a professional agency employee familiar with the subject area to locate the record with a reasonable amount of

6

effort. . . . Accordingly, it is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome." Judicial Watch, Inc. v. Exp.-Imp. Bank, 108 F. Supp. 2d 19, 27 (D.D.C. 2000). In contrast, plaintiff's request relates to a discrete and logically coherent category of documents – the records relating to the Task Force on National Health Care Reform. By defendant's own representation, identifying responsive documents in its "preliminary search" was relatively straightforward. See Mot. at Robison Decl. ¶¶ 29-31. The concern that an overbroad FOIA request would require the agency to "reorganize its filing system," Goland v. CIA 607 F.2d 339, 370 (D.C. Cir. 1978), or to search for potentially responsive documents in broad categories of unindexed files, see, e.g., Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 (D.C. Cir. 1990), is not implicated here.

Moreover, since defendant filed its motion, plaintiff has agreed to narrow the scope of its request. Indeed plaintiff appears willing to further narrow its request as more information about the Task Force documents becomes available. See Opp. at 8.

For these reasons, the Court denies defendant's motion to dismiss.

*B. Motion for a Stay*

Under the FOIA, an agency that has received a request for records must respond to that request within twenty working days of the date of receipt of the request. 5 U.S.C. § 552(a)(6)(A). "If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i). "Exceptional circumstances" exist when an agency "is deluged with a volume

of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it 'is exercising due diligence' in processing the requests." Open America v. The Watergate Special Prosecution Force, 547 F.2d 605, 616 (D.C. Cir. 1976) (quoting the statute).

Courts in this circuit typically apply Open America's interpretation of subsection (6)(C) "as excusing any delays encountered in responding to a request as long as the agencies are making a good faith effort and exercising due diligence in processing the requests on a first-in first-out basis." Elec. Privacy Info. Ctr. v. U. S. Dep't of Justice, Civil Action No. 02-0063, 2005 U.S. Dist. LEXIS 18876 at *8 (D.D.C. Aug. 31, 2005) (citations omitted). See also Edmond v. U.S. Atty., 959 F. Supp. 1, 3 (D.D.C. 1997) ("Courts have uniformly granted the government reasonable periods of time in which to review FOIA requests when there is a backlog.").

Giving defendant's declarations a presumption of good faith, as is required, the Court will grant a temporary stay. See Elec. Privacy Info. Ctr. v. U.S. Dep't of Justice, 2005 U.S. Dist. LEXIS 18876 at *10. Defendant has demonstrated that it has a substantial backlog, and limited resources, and that it is processing requests on a multi-track first-in, first-out system. See Robison Decl. ¶¶ 16-19, 21-23. See also Judicial Watch, Inc. v. Nat'l Archives and Records Admin., Civil Action No. 07-1297 (D.D.C. May 20, 2008) (Robertson, J.) (finding that the Clinton Presidential Library met all of the stay requirements under Open America) (attached at Notice of Supplemental Authority [19]); Gov't Accountability Project v. United States Dep't of Health and Human Serv's., Civil Action No. 07-1702, 2008 U.S. Dist. LEXIS 59135 at *24

(D.D.C. Aug. 4, 2008) (multi-track first-in, first-out processing policy may show due diligence).

The Court acknowledges plaintiff's argument that the defendant should have been better prepared to process the large number of FOIA requests it received upon making President Clinton's records available.  See Opp. at 12-13.  Under the FOIA, "[e]xceptional circumstances" do not include delays stemming "from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests."  5 U.S.C. § 552(a)(6)(C)(ii).  Defendant appears to be making a good faith effort, however, to improve its processing methods for FOIA requests.  See Robison Decl. ¶¶ 24-27.  Given that defendant has been processing FOIA requests for a relatively short period of time and has scarce resources in contrast to the volume of requests, the Court accepts defendant's representation that it is making a good faith effort to reduce its backlog.

Finally, plaintiff has not shown any urgency or exceptional need for defendant to process its request before all others.  See, e.g., Open America v. Watergate Special Prosecution Force, 547 F.2d at 614.

Defendant seeks a stay of one year to respond to plaintiff's request.  Plaintiff opposes any such stay.  The Court is hesitant to grant such a lengthy stay.  The Court will deny defendant's request for a stay of one year, and instead grant a stay of six months.  Defendant is ordered to provide the Court with a status report regarding the processing of responsive documents approximately thirty days before the expiration of the stay.  For the reasons set forth above, it is hereby

ORDERED that defendant's motion to dismiss is DENIED; it is

FURTHER ORDERED that defendant's motion for a stay is GRANTED in part

and DENIED in part. The matter will be stayed until March 31, 2009. Defendant shall submit a report identifying the status of production of plaintiff's FOIA request on or before February 28, 2009; and it is

FURTHER ORDERED that defendant show cause in writing on or before October 14, 2008 why it is not increasing the speed of production by simultaneously notifying former and incumbent Presidents that records are eligible for disclosure as required by 36 C.F.R. § 1270.46(e).

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 30, 2008