# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )       Civil Action No: 07-1987 (PLF)
                                 )
NATIONAL ARCHIVES AND            )
RECORDS ADMINISTRATION,          )
                                 )
            Defendant.           )
_____)

## THIRD SUPPLEMENTAL DECLARATION OF EMILY ROBISON

I, Emily Robison, declare as follows:

1. I am the Deputy Director of the William J. Clinton Presidential Library. My background, training, and experience is as an archivist, having been continuously employed at the Clinton Presidential Library in the capacity of Supervisory Archivist from February 2002 to August 2004, Deputy Director from September 2004 to May 2007, Acting Director from May 2007 to November 2007, and since then again as Deputy Director. In my current capacity, I assist the Director in supervising the staff of the Clinton Presidential Library.

2. I am familiar with the above-captioned case, having previously submitted declarations in this case on January 28, 2008, May 9, 2008, and September 24, 2008. The information provided in those declarations is incorporated herein. This Supplemental Declaration provides information in response to the Court's Opinion and Order [24] of September 30, 2008 ("Opinion and Order"), and is based on my personal knowledge, as well as on facts supplied to me by NARA staff as known to them in the course of their duties.

3. I have reviewed this Court's Opinion and Order, requiring defendant to show cause in writing on or before October 14, 2008, why it is not increasing the speed of production by

simultaneously notifying former and incumbent Presidents that records are eligible for disclosure as required by 36 C.F.R. § 1270.46(e).

4.  On September 17, 2008, NARA did simultaneously notify the representatives of both the former President and the incumbent President that the approximately 46,700 pages were eligible for disclosure, subject to certain withholdings pursuant to the Presidential Records Act, 44 U.S.C. § 2206; 36 C.F.R. § 1270.46, and the Freedom of Information Act, 5 U.S.C. § 552(b). While paragraph 7 of my previous declaration stated that the representative of the former President has been notified about the records eligible for disclosure, and that NARA will notify the incumbent President when the review process of the former President is complete, that paragraph was only meant to convey that the incumbent President (who, along with the former President, has already been notified that records are eligible for disclosure) would be provided a *second* letter notifying the incumbent President once the former President's review of the records was complete. This second letter would include the specific results of the former President's review, so that the incumbent President would have an opportunity to decide whether to concur in the former President's decision to request withholding of or authorize access to the records. See Executive Order 13233, Sec. 3(d). Pursuant to the initial September 17, 2008 notifications, however, both the incumbent and former Presidents have been given the opportunity to review the specific records that NARA determined are eligible for disclosure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10 day of October, 2008.

*Emily Robison*
EMILY ROBISON
Deputy Director Clinton Presidential Library